1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OLIVIA JOHNSON,                          No.  2:25-cv-03403-TLN-SCR

12                 Plaintiff,

13        v.                                  ORDER

14   GINA ADABI, et al.,

15                 Defendants.

16

17

18        Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant

19   to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff filed a motion for leave to proceed

20   in forma pauperis ("IFP") and a declaration, including a statement of income and expenses,

21   averring she is unable to pay the costs of these proceedings.  *See* 28 U.S.C. § 1915(a)(1).  The

22   motion to proceed IFP will therefore be granted.  However, for the reasons provided below, the

23   Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an

24   amended complaint.

25                                I.  SCREENING

26        A.      Legal Standard

27        The federal IFP statute requires federal courts to dismiss a case if the action is legally

28   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

2   reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

3   Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

4   policies/current-rules-practice-procedure/federal-rules-civil-procedure.

5          Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

6   plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

7   court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

8   to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

9   sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

10  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in

11  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

12  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

13         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

15  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

16  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

17  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von

18  Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.

19  denied*, 564 U.S. 1037 (2011).

20         The court applies the same rules of construction in determining whether the complaint

21  states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court

22  must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

23  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

24  less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the

25  court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v.

26  U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of

27  a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

28  555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The Complaint

Plaintiff initiated this action by filing a complaint on November 24, 2025. ECF No. 1. The complaint names two defendants: 1) Gina Abadi; and 2) Hong Yi Zeng. The entirety of the complaint is three sentences. Plaintiff alleges Defendants conspired to violate her due process rights, states this Court has jurisdiction, and demands $1 million in damages. ECF No. 1.

C.    Analysis

Under Rule 8, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction, (2) a short and plain statement showing that plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's complaint does not cite a federal statute that confers jurisdiction, however Plaintiff alleges a violation of due process and thus could be attempting to assert a claim under 42 U.S.C. § 1983. Plaintiff's complaint contains a request for monetary damages. However, Plaintiff's complaint does not contain a short and plain statement demonstrating she is entitled to such relief. Plaintiff's complaint fails to plead any facts in support of her claim. It is unclear who the Defendants are, or what they allegedly did to violate Plaintiff's rights. There are no dates pled, rather just a conclusory assertion of a conspiracy to violate due process rights.

Plaintiff's complaint is not required to contain detailed factual allegations, however in its current form the complaint is too lacking in facts to state a plausible claim and to put Defendants on notice. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation omitted). "A

3

claim has facial plausibility when the plaintiff **pleads factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added).

If Plaintiff is asserting a claim under § 1983, she must describe the constitutional or federal statutory right allegedly infringed. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Plaintiff has not sufficiently alleged that either Defendant is a state actor. Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Plaintiff's complaint also fails to allege sufficient facts to determine if venue is proper. Under 28 U.S.C. § 1391(b), venue is proper in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff has not alleged the residency of the Defendants, and Plaintiff's listed address is in Hawaii. There are no facts alleged as to where the alleged violation of due process or conspiracy occurred.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph

having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the defendants to guess at the factual or legal basis for the claim. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of <u>each</u> named defendant rather than making conclusory allegations. The amended complaint should specifically refer to the legal basis for Plaintiff's claim and demonstrate that she is entitled to relief.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. It must sufficiently plead jurisdiction and venue. Plaintiff must allege enough factual content in support of her claims to state a claim to relief that is plausible on its face. !

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint

that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: December 2, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE